UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

UNITED STATES OF AMERICA,                CASE NO.  04-60038-CR-DIMITROULEAS

　　　Plaintiff,

vs.

DELVIN MCKINNEY,

　　　Defendant.
_____/

**O R D E R**

　　　THIS CAUSE is before the Court on Defendant's McKinney's pro se February 22, 2008 Motion For New Trial based upon Newly Discovered Evidence [DE-141].  The Court has received a March 3, 2008 Response from the Government [DE-143]; no reply has been filed, and the Court has considered the Court file and finds as follows:

　　　1. On February 24, 2004, McKinney was indicted and charged with six drug offenses. [DE-4].

　　　2. On January 18, 2005, a Superceding Indictment was returned charging McKinney with three counts of Distribution of Crack Cocaine within 1000 feet of a School, three counts of Distribution of at least 5 grams of Crack Cocaine within 1000 feet of a school, Possession with Intent to Distribute at least 150 grams of Crack Cocaine, and Possession with Intent to Distribute at least 100 grams of Cocaine. [DE-20].

　　　3. On February 22, 2005, McKinney was found guilty on six of the eight counts, [DE-41], for crimes on July 1, 2003, July 14, 2003, August 4, 2003 and February 26, 2004 (two counts).

1

He was acquitted for crimes on June 30, 2003, and July 25, 2003.[1]

    4. On February 25, 2005, this Court denied a Motion for New Trial.. [DE-48]. On August 1, 2005, this Court denied another Motion For New Trial. [DE-87].

    5. On July 22, 2005, McKinney was sentenced to Life in Prison. [DE-85].

    6. On September 21, 2005, this Court overruled McKinney's complaints about his appellate counsel. [DE-96]. On November 1, 2005, this Court denied further complaints and requests from McKinney. [DE-98]. On January 24, 2006, this Court denied a request for grand jury transcripts. [DE-103]. On April 10, 2006, this Court granted a request to preserve evidence. [DE-104]. On April 25, 2006, this Court denied McKinney's request for grand jury minutes. [DE-105]. On March 8, 2007, the Eleventh Circuit Court of Appeal affirmed. U.S. v. McKinney, 219 Fed. Appx. 921 (11th Cir. 2007).

    7. On March 18, 2007, McKinney filed a pro se Motion for New Trial. [DE-108]. On April 3, 2007, this Court denied the Motion for New Trial. [DE-112]. A Supplemental Motion was denied on April 4, 2007. [DE-113]. On May 1, 2007, this Court denied a Motion for Reconsideration. [DE-122].

    8. On May 16, 2007, the mandate issued from the Eleventh Circuit Court of Appeals affirming McKinney's case. [DE-124].

    9. On May 24, 2007, the Court denied McKinney's Supplemental Motion For Newly Discovered Evidence. [DE-123].

    10. On June 25, 2007, this Court denied a Motion for Discovery. [DE-126].

    11. On August 8, 2007, this Court denied another Motion for New Trial. [DE-132]. On

---

[1] A June 27, 2003 drug buy was not charged in the Indictment. [DE-63, pp. 42-43].

August 14, 2007, this Court denied another Motion for New Trial. [DE-134]. On September 19, 2007, this Court denied a Motion for Reconsideration. [DE-137].

12. On September 19, 2007, this Court denied McKinney's request for transcripts. [DE-138].

13. On January 22, 2008, McKinney filed a Motion for a New Trial, encompassing the same allegations filed in a previous motion. [DE-139]. On January 30, 2008, this Court denied the Motion for New Trial. [DE-140].

14. On February 22, 2008, McKinney filed this latest Motion For New Trial [DE-141], alleging newly discovered evidence[2] and attaching a January 30, 2008 affidavit of Kaper Reems [DE-141-3]. In the affidavit, Kaper Reems states that he observed Victor Reems retrieving money off the ground near a church on 3rd Avenue in Hallandale in the Summer of 2003.[3] Victor Reems then told the affiant that he had staged drug sales from an individual whom the police had targeted.

15. Prior to the drug sales, the confidential source (Victor Reems) was searched and given law enforcement funds to buy drugs. [DE-62, p. 57-59]. That standard procedure was used to ensure that police money is used to buy the drugs and that the drugs were purchased from the target [DE-62, pp. 75-76].

16. Police surveilled the drug transaction on July 3, 2003 and saw McKinney drive away

---

[2]McKinney also makes a complaint about spillover effect of Counts I-VI on Counts VII-VIII. However, such a complaint is not properly raised on a Motion for New Trial. Victor Reems' testimony did not involve Counts VII and VIII.

[3]Victor Reems worked other cases during this period of time [DE-62, p. 90]. It is purely speculation that Victor Reems' alleged admission to Kaper Reems was referring to McKinney.

3

in a Ford Explorer. [DE-62, p. 88]. McKinney was also surveilled in the area of the drug transactions on June 30, 2003 and July 25, 2003. [DE-63, p. 14-16] (However, McKinney was acquited for the drug deals on those two dates). Additionally, the police testified that McKinney's voice was identified on tape recorded conversations [DE-62, p. 96]. On June 27, 2003, Victor Reams bought cocaine from McKinney, and the bag of cocaine had McKinney's phone number on it. [DE-63, pp. 27-28]. Ari Abramson testified that he purchased crack cocaine from McKinney in February, 2004. [DE-63, pp. 174-175]. Scott Kupferman testified that when he rented vehicles to McKinney that McKinney admitted to running dope in the vehicles. [DE-67, p. 30]. The evidence of guilt was overwhelming in this case.

17. This speculative new evidence would have been only cumulative, impeachment evidence, at best, not material, and would not have affected the verdict as to any count, particularly Counts VII and VIII. U.S.v. Jernigan, 341 F.3d 1273, 1287 (11th Cir.) reh'g denied, 88 Fed. Appx 388 (11th Cir. 2003) .

Wherefore, McKinney's Motion for New Trial [DE-141] is Denied.

DONE AND ORDERED in Chambers at Fort Lauderdale, Broward County, Florida, this 21st day of March, 2008.

WILLIAM P. DIMITROULEAS
United States District Judge

4

Copies furnished to:

Delvin McKinney, #30720-018
c/o USP Big Sandy
P.O. Box 2068
Inex, KY 41224

Julia Vaglienti, AUSA